**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,<br>Plaintiff, | ) |
| v. | ) Case No: 2:18-cv-10506-AC-APP |
| | ) Honorable Avern Cohn |
| **PARAMOUNT INDUSTRIAL MACHINING, INC.**, a corporation, and **MAXWELL SCHWARTZ**, an individual,<br>Defendants. | ) |

**SECRETARY OF LABOR'S MOTION FOR JUDGMENT BY DEFAULT**

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor ("Secretary"), United States Department of Labor respectfully moves for a judgment against Defendants **PARAMOUNT INDUSTRIAL MACHINING, INC.** and **MAXWELL SCHWARTZ** for failing to plead and defend this matter. The Secretary filed and served Defendants with a *Complaint* (ECF No. 1), and Defendants returned signed waivers, waiving service of the *Complaint*. (ECF Nos. 4 and 5). However, Defendants never filed an *Answer*, which was due April 16, 2018, and the corporate Defendant is unrepresented. Default was entered in the civil docket in the Office of the Clerk of this Court on May 7, 2018, against both named Defendants. (ECF Nos. 7-8).

Wherefore, the Secretary respectfully requests this Court make and enter a judgment permanently enjoining and restraining Defendants and their agents, officers, servants, employees, and those persons in active concert or participation with them, from violating the provisions of sections 6, 7, and 15(a)(2) of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201 et seq.) (hereinafter "the Act") and restraining Defendants from withholding payment of $14,935.11 in unpaid minimum wage and overtime compensation and $14,935.11 in liquidated damages owed to their employees under the Act.

DATED: May 11, 2018.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Attorney

Attorneys for **R. ALEXANDER ACOSTA**, U.S. Secretary of Labor, United States Department of Labor, Plaintiff

**P.O. ADDRESS:**

Department of Labor
Office of the Solicitor
230 South Dearborn Street
Eighth Floor

Chicago, Illinois 60604
Telephone: 312/353-4995
Email: seidelman.catherine@dol.gov

## CERTIFICATE OF SERVICE

I certify that the undersigned electronically filed this *Secretary of Labor's Motion for Judgment by Default* in case number 2:18-cv-10506-AC-APP with the Clerk of the Court using the CM/ECF system. I further certify the undersigned caused a copy of this *Motion* to be served this 11th day of May 2018, by certified mail, with a courtesy copy by email, to:

Maxwell J. Schwartz
36724 Tanglewood Ln.
Farmington Hills, MI 48331
mjschwartz@globalmfgind.com

and via certified mail to:

Paramount Industrial Machining
15255 W. 11 Mile Road
Oak Park, MI 48237

s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Trial Attorney

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff, | ) | |
| v. | ) | Case No: 2:18-cv-10506-AC-APP |
| | ) | Honorable Avern Cohn |
| **PARAMOUNT INDUSTRIAL MACHINING, INC.**, a corporation, and **MAXWELL SCHWARTZ**, an individual, Defendants. | ) | |

**BRIEF IN SUPPORT OF THE SECRETARY OF LABOR'S MOTION FOR JUDGMENT BY DEFAULT**

**R. ALEXANDER ACOSTA**, Secretary of Labor, U.S. Department of Labor ("Secretary"), submits this Brief in support of the *Secretary's Motion for Judgment by Default*, along with the *Declaration of Phillip Gasparotto* and Wage and Hour's calculations, filed herewith as attachments. For the reasons stated below, the Secretary respectfully requests the Court grant a default judgment and award the Secretary's requested relief—an injunction, back wages, and an equal amount in liquidated damages.

## I. STATEMENT OF FACTS

On February 13, 2018, the Secretary filed a *Complaint* against Defendants under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), ("FLSA") seeking an injunction, $14,935.11 in back wages owed to 23 employees, and an equal amount in liquidated damages for minimum wage and overtime violations. (ECF No. 1). Specifically, the Secretary alleged Defendants failed to pay their employees any wages during certain workweeks and therefore failed to meet the FLSA's minimum wage and overtime requirements during those weeks.

The Secretary served each Defendant with a copy of the Complaint via certified mail, with a courtesy copy to Defendant Maxwell Schwartz via email. Defendants returned signed waivers, waiving service. (ECF Nos. 4 and 5). Despite returning signed waivers, Defendants failed to file an Answer by the deadline of April 16, 2018.

The undersigned attorney had two separate calls with Defendant Maxwell Schwartz, the owner of Defendant Paramount Industrial Machining, Inc., during the week of April 16, 2018. During the first call, the undersigned attorney asked Mr. Schwartz if he filed an Answer. Mr. Schwartz responded he did not know anything was due. The undersigned attorney explained the nature of an Answer, and Mr. Schwartz indicated he may contact an attorney.

When no Answer was filed, the undersigned contacted Mr. Schwartz that same week and asked if he had contacted an attorney and if he planned to file an Answer. Mr. Schwartz stated he did not have an attorney for this case and did not know anything was due. The undersigned attorney asked Mr. Schwartz if he remembered their previous call, and Mr. Schwartz said he did. The undersigned attorney explained she would need to file a motion for a default judgment if no Answer was filed, and asked for Mr. Schwartz's position on that motion. Mr. Schwartz just promised to look into the issue.

Since those calls, the undersigned attorney has never heard back from Mr. Schwartz, and no Answer has been filed. On May 7, 2018, the Secretary filed a request for entry of a default judgment against Defendants, and a default was entered against Defendants that same day. (ECF Nos. 6-8).

## II. ARGUMENT

In order to obtain a default judgment, the moving party must first request the clerk enter a default pursuant to Rule 55(a). *See, e.g., Shepard Claims Servs., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1985); *Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. July 14, 2008). Entry of a default establishes the defendant's liability. *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). "There is no question that, default having been entered,

each of [plaintiff's] allegations of fact must be taken as true and each of its claims must be considered established as a matter of law." *Id.*

Once a default is obtained, the party may then file for a default judgment by the clerk or by the court to establish the extent of damages. Fed. R. Civ. P. 55(b); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). As noted *supra*, the Clerk entered a default against Defendants on May 7, 2018. (ECF Nos. 7-8). By virtue of the entry of default, the Secretary's allegations set forth in the Complaint should be deemed admitted. To establish the Secretary's entitlement to relief, the Secretary has attached as Exhibit A the investigator's Declaration, as well as the investigator's calculation of damages, attached hereto as Exhibit B.

The Declaration details the investigator's investigation and shows that during the period from December 17, 2017 through January 21, 2018, Defendants failed to pay $14,935.11 in minimum wage and overtime compensation to 23 employees and also owe an equal amount in liquidated damages. The calculations further show each workweek for which damages were calculated, as well as Wage and Hour's method of calculation. Based on the investigator's declaration and calculations, the requested amount of damages has been shown and the need for an injunction restraining Defendants from withholding such damages and violating the FLSA in the future is established.

## III. CONCLUSION

For the above-referenced reasons, the Secretary requests the Court grant the Secretary's *Motion for Judgment by Default* against Defendants.

DATED: May 11, 2018.

Respectfully submitted,

**MATTHEW J. SCHNEIDER**
United States Attorney

**PETER A. CAPLAN**
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
T: (313) 226-9784
F: (313) 226-2311
P-30643
Email: peter.caplan@usdoj.gov
*Engaged as local counsel*

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Catherine L. Seidelman
**Catherine L. Seidelman**
Bar ID #6306913 (IL)

Attorneys for **R. ALEXANDER ACOSTA**,
Secretary of Labor

Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, Suite 844
Chicago, IL 60604

Telephone: (312) 353-4995
Fax: (312) 353-5698
E-mail: seidelman.Catherine@dol.gov

**CERTIFICATE OF SERVICE**

I certify that the undersigned electronically filed this *Secretary of Labor's Brief in Support of Motion for Judgment by Default* in case number 2:18-cv-10506-AC-APP with the Clerk of the Court using the CM/ECF system. I further certify the undersigned caused a copy of this *Motion* to be served this 11th day of May 2018, by certified mail and email to:

Maxwell J. Schwartz
36724 Tanglewood Ln.
Farmington Hills, MI 48331
mjschwartz@globalmfgind.com

and via certified mail to:

Paramount Industrial Machining
15255 W. 11 Mile Road
Oak Park, MI 48237

s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Trial Attorney

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor,

Plaintiff,

v.

**PARAMOUNT INDUSTRIAL MACHINING, INC.**, a corporation, and **MAXWELL SCHWARTZ**, an individual,

Defendants.

Case No: 2:18-cv-10506-AC-APP

Honorable Avern Cohn

**DECLARATION OF WAGE HOUR INVESTIGATOR IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT**

Now comes, **PHILLIP GASPAROTTO,** and states as follows:

1. I am and, at all times hereinafter mentioned, have been employed by the Wage and Hour Division of the United States Department of Labor in the Detroit District Office.

2. For the period between February 2017 through January 2018, I conducted an investigation of the wages, hours, and other conditions and practices of employment maintained by **PARAMOUNT INDUSTRIAL MACHINING**, a Michigan corporation, and **MAXWELL SCHWARTZ**, an individual (hereinafter collectively "Defendants"), for the purpose of determining whether Defendants were in compliance

with the provisions of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201, et seq.)(hereinafter "the Act").

3. As a result of the aforesaid investigation, which included a review of Defendants' records, confidential witness interviews, and obtaining of other relevant information, I determined that:

(a) At all relevant times, Defendant **PARAMOUNT INDUSTRIAL MACHINING** maintained an office and place of business within Oakland County at 15255 W. 11 Mile Road, Oak Park, Michigan 48237, from where it was engaged in manufacturing parts used in auto and heavy equipment manufacturing and petroleum processing industries.

(b) At all relevant times, Defendant **PARAMOUNT INDUSTRIAL MACHINING** was engaged in related activities performed through unified operation or common control and was an enterprise within the meaning of section 3(r) of the Act.

(c) At all relevant times, Defendant **PARAMOUNT INDUSTRIAL MACHINING** has constituted an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said

enterprise has had an annual gross dollar volume of sales made or business done of not less than $500,000.

(d) At all relevant times, Defendant **MAXWELL SCHWARTZ** was engaged in business within Oakland County at 15255 W. 11 Mile Road, Oak Park, Michigan 48237, and acted directly or indirectly in the interest of the corporate defendant in relation to its employees, as an employer within the meaning of section 3(d) of the Act, in that he actively managed the corporation's day-to-day operations, hired and fired employees, set rates of pay and benefits, and authorized the processing of payroll.

(e) During the period since December 17, 2017, Defendants employed at least 23 employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, and Defendants willfully and repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act by paying 17 of those employees at a rate less than $7.25 per hour for all hours worked. Specifically, Defendants failed to pay these employees any wages for their hours worked during certain workweeks.

(f) During the period since December 17, 2017, Defendants employed at least 23 employees who were engaged in commerce or in the production of goods

for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, and Defendants willfully and repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act by failing to pay 10 of those employees at rates not less than one and one-half times the regular rates at which they were employed during workweeks in which the employees worked in excess of 40 hours. Specifically, Defendants failed to pay these employees any wages for their hours worked during certain workweeks.

(g) As a result of the pay practices described in subparagraphs (e) and (f) of this paragraph, Defendants owe $14,935.11 in minimum wage and overtime compensation to 23 employees, as well as an equal amount in liquidated damages. In total, with back wages and liquidated damages combined, Defendants owe $29,870.22. The amounts due to each employee, as well as the corresponding calculations, are set forth in Exhibits A and B, respectively, attached hereto and made a part hereof.

4. I have read the Complaint filed in the above-styled action, know the contents thereof, and believe the allegations therein are true.

5. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 3rd, 2018

**PHILLIP GASPAROTTO**
Wage and Hour Investigator

United States Department of Labor
Wage and Hour Division
Detroit District Office
211 W. Fort Street, Room 517
Detroit, MI 48226-3237
T: (313) 309-4500

**EXHIBIT A**

| NAME | WAGES | LIQUIDATED DAMAGES | TOTAL |
|---|---|---|---|
| 1. Isaias Alvarez-Sandoval | $ 940.44 | $ 940.44 | $ 1,880.88 |
| 2. Beal, Katherine | $ 605.38 | $ 605.38 | $ 1,210.76 |
| 3. Murl Behnke | $ 1,417.88 | $ 1.417.88 | $ 2,835.76 |
| 4. Maurice Carlson | $ 1,464.42 | $ 1,464.42 | $ 2,928.74 |
| 5. Alexander Chatman | $ 264.63 | $ 264.63 | $ 529.26 |
| 6. Sheqir Ejupi | $ 612.63 | $ 612.63 | $ 1,225.26 |
| 7. David Gantt | $ 787.31 | $ 787.31 | $ 1,574.62 |
| 8. Dale Hicks | $ 177.63 | $ 177.63 | $ 355.26 |
| 9. Kenneth Lawson | $ 79.75 | $ 79.75 | $ 159.50 |
| 10. Julio Manzo | $ 366.13 | $ 366.13 | $ 732.26 |
| 11. Marco Manzo- Cervantes | $ 163.13 | $ 163.13 | $ 326.26 |
| 12. Jose Manzo- Sandoval | $ 1,337.75 | $ 1,337.75 | $ 2,675.50 |
| 13. Martin Manzo- Sandoval | $ 174 | $174 | $ 348 |
| 14. John Mayo | $ 1,439.38 | $ 1,439.38 | $ 2,878.76 |
| 15. Matthew Modrak | $ 1,047.56 | $ 1,047.56 | $ 2,095.12 |
| 16. Jeremy Nestell | $ 58 | $ 58 | $ 116 |
| 17. Major Ragland | $ 87 | $ 87 | $ 174 |
| 18. Sheila Rossman | $ 1,152.75 | $ 1,152.75 | $ 2,305.50 |

| | | | |
|---|---|---|---|
| 19. Felipe Salas | $ 759.06 | $ 759.06 | $1,518.12 |
| 20. Zachary Smith | $ 215.69 | $ 215.69 | $ 431.38 |
| 21. Andrew Wilkie | $ 453.13 | $ 453.13 | $ 906.26 |
| 22. Don Wilmouth | $ 896.50 | $ 896.50 | $ 1,793 |
| 23. Dale Zarzycki | $ 435 | $ 435 | $870 |

**U.S. DEPARTMENT OF LABOR**

January 2018

**Wage and Hour Division**

*Transcription and Computation Work Sheet*

CASE: Paramount Industrial Machining, Inc.

| WEEK ENDING DATE | LAST NAME | FIRST NAME | REGULAR HOURS | OVERTIME HOURS REPORTED | TOTAL HOURS WORKED | FLSA OVERTIME HOURS WORKED | HOURLY RATE OF PAY | MINIMUM WAGE RATE DUE | MINIMUM WAGE BACK WAGES DUE | OVERTIME BACK WAGES DUE | PAYROLL DUE (NOT INCLUDING PTO) | TOTAL FLSA BACK WAGES DUE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/24/2017 | Alvarez- Sandoval | Isaias | 40 | 7.5 | 47.5 | 7.5 | $ 18.35 | $ 7.25 | $ - | $ 940.44 | $ 940.44 | $ 940.44 |
| 12/24/2017 | Beal | Katherine | 45* | | 45* | | SAL | $ 7.25 | $ 326.25 | | $ 1,500.00 | $ 326.25 |
| 12/24/2017 | Behnke | Murl | 24 | 22.5 | 46.5 | 6.5 | $ 28.50 | | $ - | $ 1,417.88 | $ 1,417.88 | $ 1,417.88 |
| 12/24/2017 | Carlson | Maurice | 40 | 4.25 | 44.25 | 4.25 | $ 29.35 | | $ - | $ 1,361.11 | $ 1,361.11 | $ 1,361.11 |
| 12/24/2017 | Chatman | Alexander | 33.25 | | 33.25 | | $ 15.75 | $ 7.25 | $ 241.06 | | $ 523.69 | $ 241.06 |
| 12/24/2017 | Ejupi | Sheqir | 40 | 1.5 | 41.5 | 1.5 | $ 14.50 | | $ - | $ 612.63 | $ 612.63 | $ 612.63 |
| 12/24/2017 | Gantt | David | 40 | 3.25 | 43.25 | 3.25 | $ 15.00 | | $ - | $ 673.13 | $ 673.13 | $ 673.13 |
| 12/24/2017 | Grobbel | Jason | | | 0 | | $ 23.75 | $ 7.25 | | | $ - | $ - |
| 12/24/2017 | Hicks | Dale | 24.5 | | 24.5 | | SAL | $ 7.25 | $ 177.63 | | $ 1,538.46 | $ 177.63 |
| 12/24/2017 | Lawson | Kenneth | 11 | | 11 | | $ 33.50 | $ 7.25 | $ 79.75 | | $ 368.50 | $ 79.75 |
| 12/24/2017 | Manzo | Julio | 24 | 10.5 | 34.5 | | $ 22.50 | $ 7.25 | $ 250.13 | | $ 776.25 | $ 250.13 |
| 12/24/2017 | Manzo | Marco | 22.5 | | 22.5 | | $ 15.75 | $ 7.25 | $ 163.13 | | $ 354.38 | $ 163.13 |
| 12/24/2017 | Manzo- Sandoval | Jose | 40 | 10.5 | 50.5 | 10.5 | $ 22.50 | | $ - | $ 1,254.38 | $ 1,254.38 | $ 1,254.38 |
| 12/24/2017 | Mayo | John | 40 | 0.75 | 40.75 | 0.75 | $ 35.00 | | $ - | $ 1,439.38 | $ 1,439.38 | $ 1,439.38 |
| 12/24/2017 | Modrak | Matthew | 40 | 6.5 | 46.5 | 6.5 | $ 20.00 | | $ - | $ 995.00 | $ 995.00 | $ 995.00 |
| 12/24/2017 | Nestell | Jeremy | 8 | | 8 | | $ 15.75 | $ 7.25 | $ 58.00 | | $ 126.00 | $ 58.00 |
| 12/24/2017 | Ragland | Major | 12 | | 12 | | $ 18.35 | $ 7.25 | $ 87.00 | | $ 220.20 | $ 87.00 |
| 12/24/2017 | Rossman | Sheila | 39* | | 39* | | SAL | $ 7.25 | $ 282.75 | | $ 1,923.08 | $ 282.75 |
| 12/24/2017 | Salas | Felipe | 40 | 2.5 | 42.5 | 2.5 | $ 17.35 | | $ - | $ 759.06 | $ 759.06 | $ 759.06 |
| 12/24/2017 | Sandoval | Martin | 24 | 0 | 24 | | $ 21.35 | $ 7.25 | $ 174.00 | | $ 512.40 | $ 174.00 |
| 12/24/2017 | Smith | Zachary | 16 | | 16 | | $ 16.50 | $ 7.25 | $ 116.00 | | $ 264.00 | $ 116.00 |
| 12/24/2017 | Wilkie | Andrew | 48.25 | | 48.25 | | SAL | $ 7.25 | $ 349.81 | | $ 1,442.31 | $ 349.81 |
| 12/24/2017 | Wilmoth | Don | 40 | 0.5 | 40.5 | 0.5 | $ 22.00 | | $ - | $ 896.50 | $ 896.50 | $ 896.50 |
| 12/24/2017 | Zarzycki | Dale | 50* | | 50* | | SAL | $ 7.25 | $ 362.50 | | $ 2,211.54 | $ 362.50 |

**SUBTOTAL: $ 22,110.28 $ 13,017.48**

Exhibit: B

**U.S. DEPARTMENT OF LABOR** January 2018

**Wage and Hour Division**

*Transcription and Computation Work Sheet*

CASE: Paramount Industrial Machining, Inc.

| WEEK ENDING DATE | LAST NAME | FIRST NAME | REGULAR HOURS | OVERTIME HOURS REPORTED | TOTAL HOURS WORKED | FLSA OVERTIME HOURS WORKED | HOURLY RATE OF PAY | MINIMUM WAGE RATE DUE | MINIMUM WAGE BACK WAGES DUE | OVERTIME BACK WAGES DUE | PAYROLL DUE (NOT INCLUDING PTO) | TOTAL FLSA BACK WAGES DUE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/31/2017 | Beal | Katherine | 22* | | 22* | | SAL | $ 7.25 | $ 159.50 | | $ 1,500.00 | $ 159.50 |
| 12/31/2017 | Carlson | Maurice | 14.25 | | 14.25 | | $ 29.35 | $ 7.25 | $ 103.31 | $ - | $ 418.24 | $ 103.31 |
| 12/31/2017 | Chatman | Alexander | 3.25 | | 3.25 | | $ 15.75 | $ 7.25 | $ 23.56 | $ - | $ 51.19 | $ 23.56 |
| 12/31/2017 | Gantt | David | 15.75 | | 15.75 | | $ 15.00 | $ 7.25 | $ 114.19 | $ - | $ 236.25 | $ 114.19 |
| 12/31/2017 | Manzo | Julio | 16 | | 16 | | $ 22.50 | $ 7.25 | $ 116.00 | $ - | $ 360.00 | $ 116.00 |
| 12/31/2017 | Manzo- Sandoval | Jose | 11.5 | | 11.5 | | $ 22.50 | $ 7.25 | $ 83.38 | $ - | $ 258.75 | $ 83.38 |
| 12/31/2017 | Modrak | Matthew | 7.25 | | 7.25 | | $ 20.00 | $ 7.25 | $ 52.56 | $ - | $ 145.00 | $ 52.56 |
| 12/31/2017 | Rossman | Sheila | 30* | | 30* | | SAL | $ 7.25 | $ 217.50 | $ - | $ 1,923.08 | $ 217.50 |
| 12/31/2017 | Smith | Zachary | 13.75 | | 13.75 | | $ 16.50 | $ 7.25 | $ 99.69 | $ - | $ 226.88 | $ 99.69 |
| 12/31/2017 | Wilkie | Andrew | 14.25 | | 14.25 | | SAL | $ 7.25 | $ 103.31 | | $ 1,442.31 | $ 103.31 |
| 12/31/2017 | Zarzycki | Dale | 10* | | 10* | | SAL | $ 7.25 | $ 72.50 | $ - | $ 2,211.54 | $ 72.50 |
| | | | | | | | | | **SUBTOTAL:** | | **$ 8,773.23** | **$ 1,145.50** |

| WEEK ENDING DATE | LAST NAME | FIRST NAME | REGULAR HOURS | OVERTIME HOURS REPORTED | TOTAL HOURS WORKED | FLSA OVERTIME HOURS WORKED | HOURLY RATE OF PAY | MINIMUM WAGE RATE DUE | MINIMUM WAGE BACK WAGES DUE | OVERTIME BACK WAGES DUE | PAYROLL DUE (NOT INCLUDING PTO) | TOTAL FLSA BACK WAGES DUE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/21/2018 | Beal | Katherine | 16.5 | | 16.5 | | | $ 7.25 | $ 119.63 | | | $ 119.63 |
| 01/07/2018 | Rossman | Sheila | 30* | | 30* | | | $ 7.25 | $ 217.50 | | | $ 217.50 |
| 01/14/2018 | Rossman | Sheila | 30* | | 30* | | | $ 7.25 | $ 217.50 | | | $ 217.50 |
| 01/21/2018 | Rossman | Sheila | 30* | | 30* | | | $ 7.25 | $ 217.50 | | | $ 217.50 |
| | | | | | | | | | **SUBTOTAL:** | | | **$ 772.13** |
| | | | | | | | | | **TOTAL:** | | **$ 30,883.51** | **$ 14,935.11** |

Exhibit: B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**R. ALEXANDER ACOSTA,** Secretary Of Labor, United States Department of Labor, )
Plaintiff, )
v. ) Case No: 2:18-cv-10506-AC-APP
)
) Honorable Avern Cohn
**PARAMOUNT INDUSTRIAL MACHINING, INC.**, a corporation, and **MAXWELL SCHWARTZ**, an individual, )
Defendants. )

**CERTIFICATE OF SERVICE**

I certify that the undersigned electronically filed a copy of the following documents in case number 2:18-cv-10506-AC-APP with the Clerk of the Court using the CM/ECF system: *Secretary of Labor's Motion for Judgment by Default*; *Brief in Support of the Secretary of Labor's Motion for Judgment by Default*; *Declaration of Wage Hour Investigator In Support of Plaintiff's Motion for Judgment by Default* (with Exhibits A and B). I further certify the undersigned caused a copy of these documents to be served this 11th day of May 2018, by certified mail, with a courtesy copy by email, to:

Maxwell J. Schwartz
36724 Tanglewood Ln.
Farmington Hills, MI 48331
mjschwartz@globalmfgind.com

and via certified mail to:

Paramount Industrial Machining
15255 W. 11 Mile Road
Oak Park, MI 48237

s/ Catherine L. Seidelman
**CATHERINE L. SEIDELMAN**
Trial Attorney